### CROCKER vs. BLANC.

**APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.**

Walls erected by a proprietor on his property which still leave a space between them and his neighbors, cannot be considered as surrounding the premises. They are not division walls, and it is only these which authorizes one coproprietor to refuse permission to another to raise a separation between them on the land of both.

The defendant, who owned a lot adjoining he plaintiff's, proceeded to erect a wall on the dividing line, placing six inches of it on the plaintiff's lot.

The plaintiff prayed that the defendant be decreed to demolish the wall; that he pay $600 damages, and be enjoined from further proceedings, &c. The evidence shewed that the lot of the plaintiff was first built upon, but that an open space remained between his building and the dividing line. There was a verdict, and judgment for the defendant, and the plaintiff appealed.

*Moreau* and *Soule* for appellant.

*Waggaman* for appellee.

*Porter, J.* delivered the opinion of the court.

The plaintiff and defendant are contiguous proprietors of lots situated in this city. The defendant commenced building a wall on the dividing line between them, and placed six inches of it on the property of the plaintiff. The latter, considering this an encroachment on his rights, applied for, and

obtained, an injunction to prevent any further progress in the work. In the petition asking for this writ, he also prayed that compensation might be made to him for the damages he had sustained by the illegal act of the defendant.

The answer put at issue the allegations in the petition; and the defendant further demanded $500 in reconvention, the amount of the injury alleged to be sustained by the illegal interruption of the work.

The cause was tried by a jury in the court below, who found a verdict for the defendant. The court sustained it, notwithstanding an attempt on the part of the plaintiff to obtain a new trial. He appealed.

The 671st article of the Louisiana Code, by providing that he who first builds in a place not surrounded by walls, may rest one-half of his wall on the land of his neighbour, reduces our inquiry in this case to matters of fact.

The evidence shews that the plaintiff has built first, and that the place was not surrounded by a wall. The plaintiff, indeed, proved that anterior to the time the defendant commenced this work, a wall had been built on the lot of the former, a few feet from the dividing line. But the walls erected by a proprietor on his property, which still leave a space between them and his neighbours, cannot be considered as surrounding the premises;—they are not division walls, and it is only these which authorize one coproprietor to refuse permission to another, to raise a separation between them on the land of both.

We have been asked to give damages on the demand in reconvention. The jury would not give any; and the defendant not only acquiesced in the verdict, but resisted the plaintiff's prayer for a new trial. The evidence does not present a case sufficiently strong to enable us, under such circumstances, to disturb the judgment below.

It is therefore ordered, adjudged, and decreed, that the judgment of the Parish Court be affirmed, with costs.

*Walls erected by a proprietor on his property which still have a space between them and his neighbors, cannot be considered as surrounding the premises. They are not division walls and it is only these which authorizes one coproprietor to refuse permission to another to raise a separation between them on the land of both.*